**In re GRAND JURY SUBPOENA.**

**Criminal Action No. 7:06MC00048.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Nov. 21, 2006.

## MEMORANDUM OPINION

CONRAD, District Judge.

This case is before the court on motion of an attorney to quash a grand jury subpoena served upon him. The attorney claims that the documents and testimony requested are work product. He also asserts that production would violate the Sixth Amendment rights of his client. The issue was thoroughly briefed and a hearing was held on November 14, 2006. For the reasons stated below, the court will grant the attorney's motion to quash.

## FACTUAL BACKGROUND

The government has subpoenaed an attorney ("the Attorney") to appear before the grand jury to testify about conversations he had with a third party ("the Witness") from August of 1996 to November of 1997. According to the government, this information is relevant to the investigation of a former client ("the Client") of the Attorney.

The Client was represented by the Attorney on state court charges in 1996. According to the Witness, who was incarcerated with the Client in 1996, the Client made certain statements implicating himself in the crime. As a result, the Witness requested that the Attorney meet with him, and the Witness reported to the Attorney that the Client had confessed to the crime.

The Client was prosecuted in state court and testified at trial that he did not commit the crime. At the time of the trial, the Commonwealth did not know about the Witness' statements to the contrary, and did not use his testimony. The Client was acquitted of the crime in state court, and the government is now considering charging the Client with the same crime in federal court.

## DISCUSSION

The Attorney has filed a motion to quash the grand jury subpoena. He claims that the requested material is work

product, and that he therefore has a legitimate ground for refusing the grand jury subpoena. The government contends, however, that the material is discoverable because there is a substantial need for the testimony and an inability to secure the same information by another means without undue hardship.

█ A grand jury performs the essential function of deciding whether there is probable cause to believe that a crime has been committed. *In re: Grand Jury Proceedings # 5*, 401 F.3d 247, 250 (4th Cir.2005) (citing *Branzburg v. Hayes*, 408 U.S. 665, 686–87, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972)). As a result, the grand jury has broad investigative powers, and the court may not interfere in the grand jury process without a "compelling" reason. *In re: Grand Jury Proceedings # 5*, 401 F.3d at 250 (internal citations omitted). A court can intervene, however, if a recognized privilege "provides a legitimate ground for refusing to comply with a grand jury subpoena." *Id.* In this context, constitutional, common law, and statutory privileges may be invoked. *Branzburg*, 408 U.S. at 688, 92 S.Ct. 2646.

█ The work product doctrine can afford such protection. It protects the work of an attorney completed in preparation for litigation. The work product doctrine is described in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451

(1947), and Federal Rule of Civil Procedure 26(b).[1] The doctrine is based on the principle that "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman*, 329 U.S. at 510, 67 S.Ct. 385. Without this privacy, "much of what is now put down in writing would remain unwritten.... Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial .... the interests of the clients and the cause of justice would be poorly served." *Id.* Therefore, the work product doctrine applies to both attorney and client, protecting the interest of the attorney in his own work product. *In re: Grand Jury Proceedings # 5*, 401 F.3d at 250.

There are two types of work product material: opinion work product and fact work product. *In re: Grand Jury Proceedings*, 33 F.3d 342, 348 (4th Cir.1994). Opinion work product includes the thoughts and mental impressions of an attorney. *Id.* (citing *In re John Doe*, 662 F.2d 1073, 1079–80 (4th Cir.1981)). Therefore, it can only be discovered in "extraordinary circumstances," and the requesting party must demonstrate a "compelling" need. *In re John Doe*, 662 F.2d at 1080. Fact work product consists of documents prepared by an attorney that do not contain the attorney's

---

1. Federal Rule of Civil Procedure 26(b) provides:

> a party may obtain discovery ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the ma-

terials by other means .... the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation

Fed.R.Civ.P. 26(b). Although there is no equivalent description of the work product doctrine in the Federal Rules of Criminal Procedure, the doctrine also applies to criminal trials and grand jury matters. *In re: Grand Jury Proceedings*, 33 F.3d 342, 348 (4th Cir.1994) (citing *In re John Doe*, 662 F.2d 1073, 1078 (4th Cir.1981)).

mental impressions. It is discoverable "upon a showing of both substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *In re: Grand Jury Proceedings #5*, 401 F.3d at 250 (citing *In re: Grand Jury Proceedings*, 33 F.3d at 348).

In the instant case, the requested material consists of testimony by the Attorney about what he was told by the Witness. Both parties agree that such testimony is fact work product. Therefore, the government must demonstrate both a substantial need and an inability to secure substantially equivalent information without undue hardship.

■ After reviewing the case law and arguments of the parties, the court concludes that the government has failed to meet its burden, and the motion to quash must be granted. The court finds that the Witness is available to testify before the grand jury about the conversations with the Attorney, a substantial equivalent to the Attorney's testimony. However, the government claims that there is still a substantial need for the Attorney's testimony in order to either bolster or contradict the Witness' testimony. As the United States Court of Appeals for the Second Circuit has noted, this argument is more appropriate in regard to the government's need for *trial* testimony. *In re: Grand Jury Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 161 (2d Cir.2002). The government can establish probable cause by using the testimony of the Witness, without external corroboration of the Witness' testimony. See *id.* Notably, the government's own explanation of substantial need in this case focuses on a situation in which defense counsel could attack the testimony of the Witness at trial. This concern does not speak to the government's need for the Attorney's testimony before the grand jury.[2]

The court concludes that the government has not demonstrated that there is a substantial need for the Attorney's testimony before the grand jury, and will grant the Attorney's motion to quash on this basis.[3] Furthermore, the court concludes that this decision is in keeping with the principle which undergirds the work product doctrine, that an attorney should be able to prepare a criminal defense without concern that his interviews and interrogations of potential witnesses will be subject to discovery by the prosecution. See *Hickman*, 329 U.S. at 510, 512–13, 67 S.Ct. 385 ("Under ordinary conditions, forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to grave dangers of inaccuracy and untrustworthiness .... [t]he standards of the profession would thereby suffer.").

### CONCLUSION

For the foregoing reasons, the Attorney's motion to quash will be granted. The testimony sought by the government is fact work product, and the court concludes that the government has not made the necessary showing of substantial need and an inability to secure equivalent infor-

2. As the court noted at the hearing, the issue of whether the Attorney can be subpoenaed to testify at trial presents a different issue than that considered today. The court's opinion on the grand jury issue is no indication of how a court should decide whether the Attorney can be subpoenaed to testify at trial.

3. The court finds it unnecessary to reach the additional issue of the impact of the subpoena and testimony on the attorney-client relationship.

mation without undue hardship, in order to overcome the work product doctrine.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that the motion to quash the grand jury subpoena is **GRANTED.**

The Clerk is directed to send certified copies of this Order and the attached Memorandum Opinion to all counsel of record.